## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF THE COLUMBIA

| | |
|---|---|
| RICHARD VENTO, | ) |
| | ) |
|           Petitioner, | ) |
| | ) |
|    v. | )    Misc. No. 06-525-HHK-AK |
| | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|         Respondent & | ) |
|         Counterclaim Petitioner, | ) |
| --------------------------------------------------------- | ) |
| IRWIN L. CRAWFORD, II, | ) |
| | ) |
|         Counterclaim Respondent. | ) |

## UNITED STATES' RESPONSE TO PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM FOR PETITION TO ENFORCE INTERNAL REVENUE SUMMONS

The United States, submits this response in opposition to petitioner's petition to quash an Internal Revenue summons served on Irwin L. Crawford, II.  Additionally, the United States moves for an order enforcing the Internal Revenue summons issued to Irwin L. Crawford, II.  The United States is simultaneously filing a memorandum in opposition to the petition to quash and in support of expedited enforcement of the summons.

### UNITED STATES' RESPONSE TO PETITION TO QUASH

1.      Admits.

2.      Admits.

2129004.1

3.    The United States admits that the petitioner is a citizen of the United States, but lacks sufficient information or knowledge to form a belief as to the truth of the other matters asserted.

4.    Admits.

5.    Admits.

6.    Admits.

7.    Denies.

7.a.-d. Denies.

8.    The United States lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted.

## COUNTERCLAIM FOR PETITION TO ENFORCE INTERNAL REVENUE SUMMONS

9.    This proceeding is brought pursuant to 26 U.S.C. §§ 7402(b), 7604(a), 7609(b) to judicially enforce an administrative summons issued by the Internal Revenue Service.

## JURISDICTION & VENUE

10.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 26 U.S.C. §§ 7402(b), 7604(a), and 7609(b).

11.    Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) and 26 U.S.C. § 7604(a), in that the summoned party maintains office(s) in this judicial district.

- 2 -

12.     Once a taxpayer has petitioned to quash an Internal Revenue summons, pursuant to 26 U.S.C. § 7609(b)(2)(A), the Secretary of the Treasury, through an appropriate designate, may authorize the Department of Justice to seek an order compelling Irwin L. Crawford, II to comply with the summons.

PARTIES

13.     Respondent and counterclaim petitioner, the United States of America, is the sovereign.

14.     Petitioner is Richard Vento.

15.     Counterclaim respondent is Irwin L. Crawford, II and maintains office(s) in Washington, DC.

CLAIM FOR RELIEF

16.     Revenue Agent Jackie Moss is a duly commissioned revenue agent employed by the Small Business/Self-Employed Division of the Internal Revenue Service in San Antonio, Texas.

17.     In her capacity as revenue agent, Moss is conducting an investigation into the federal tax liabilities of Richard Vento for tax years 2002 through 2004.

18.     Prior to the 2001 tax year, Vento filed his individual income tax returns in the United States.

19.     Vento alleges that he became a resident of the U.S. Virgin Islands for tax purposes during 2001.

2129004.1

20.     Vento alleges that he remained a resident of the U.S. Virgin Islands for tax purposes for tax years 2002 through 2004.

21.     Vento filed his 2001 through 2004 individual income tax returns with the Bureau of Internal Revenue for the U.S. Virgin Islands ("BIR").  He did not file individual income tax returns with the IRS for tax years 2001 through 2004.

22.     Specifically, the IRS is conducting a civil tax investigation to determine whether Vento, who filed his 2002 through 2004 income tax returns with the BIR, rather than the IRS, was a "bona fide resident" of the U.S. Virgin Islands for tax years 2002, 2003, or 2004; whether Vento was obligated to report his income on a U.S. tax return; and whether Vento reported the proper amounts of income earned and the source of such income during the 2002 through 2004 tax years on his individual tax returns filed with the BIR.

23.     The legitimacy of Vento's alleged Virgin Island residency for tax purposes is relevant to the IRS audit, because if Vento was not a *bona fide* resident of the U.S. Virgin Islands for tax purposes during 2002, 2003, and/or 2004, he was required to file an income tax return with the IRS, and report all of his income on such U.S. return.  In auditing Vento for the 2002 through 2004 tax years, the IRS questions whether Vento was a resident of the U.S. Virgin Islands for tax purposes for those years.

24.     Assuming Vento was a *bona fide* resident of the U.S. Virgin Islands for tax years 2002, 2003, and 2004, the IRS is still investigating whether Vento properly

2129004.1

reported all income, including identification of the source of all income, for tax years 2002 through 2004 on the returns filed with the BIR.

25.    In furtherance of the IRS's investigation and in accordance with 26 U.S.C. § 7602, on or about November 1, 2006, Moss issued an administrative summons, Internal Revenue Service Form 2039 to Irwin L. Crawford, II.

26.    Vento maintained account(s) at Solomon Smith Barney and, upon information and belief, Irwin L. Crawford, II handled Vento's account(s) at Solomon Smith Barney and/or provided information or advice to Vento.

27.    Irwin L. Crawford, II was directed to give testimony and to produce for examination on December 8, 2006, books, papers, records, or other data as described in the summons.  A true and correct copy of the summons is attached to the Moss declaration as exhibit 101.

28.    In accordance with 26 U.S.C. § 7603, Carl Tenny, an agent with the IRS, served the summons on Irwin L. Crawford, II by hand delivering a copy to him on November 8, 2006.  A true and correct copy of the attestation of service is attached to the Moss declaration as exhibit 102.

29.    Tenny also served a copy of the summons on the following individuals by mailing a copy via certified mail:

- Richard Vento in St. Thomas, U.S. Virgin Islands and Incline Village, Nevada; and

- Marjorie Rawls Roberts, by virtue of a power of attorney, in St. Thomas, U.S. Virgin Islands.

2129004.1

30.    Irwin L. Crawford, II has not complied with the summons.

31.    The summons seeks documents that are relevant to the IRS's investigation as to whether Vento was a bona fide resident of the U.S. Virgin Islands during the 2002, 2003, and/or 2004 tax years.

32.    The summons seeks documents that are relevant to the IRS's investigation as to whether Vento properly reported all income, including identification of the source of the income, during tax years 2002 through 2004 on the returns filed with the BIR.

33.    The books, records, papers, or other data that are sought by the summons were not already in the possession of the Internal Revenue Service at the time the summons was issued and served, nor is such information currently in the possession of the Internal Revenue Service.

34.    All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed.

35.    It is necessary to obtain the testimony of Crawford and to examine the books, records, papers or other data sought by the summons in order to properly investigate the federal income tax liabilities of Vento for tax years 2002 through 2004.

36.    As of the date of this declaration, no "Justice Department referral" is in effect with respect to Vento and his federal individual income tax liabilities for tax years 2002 through 2004.  More specifically, the IRS has not made a recommendation to the Department of Justice for a grand jury investigation or criminal prosecution of Richard Vento for his federal income tax liabilities for the 2002, 2003, or 2004 tax years.  Also, the

2129004.1

IRS is not delaying a recommendation to the Department of Justice in order to collect additional information.  Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as those terms are defined in 26 U.S.C. § 6103(b)) relating to Vento.

WHEREFORE, the United States respectfully requests that the Court,

(A)    Schedule a non-evidentiary hearing on an expedited basis, if necessary;

(B)    Deny the petition to quash the third-party summons;

(C)    Grant the petition to enforce the Internal Revenue summons;

(D)    Award the United States its costs incurred in defending this action; and

(E)    Grant such other and further relief as the Court deems just.

DATED: January 18, 2007.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
STUART D. GIBSON
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6555/307-6586
Facsimile: (202) 514-6866
Email: Jennifer.L.Vozne@usdoj.gov
        Stuart.D.Gibson@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2129004.1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

RICHARD VENTO,           )
                                     )
           Petitioner,         )
                                     )
      v.                          )     Misc. No. 06-525 (HHK)
                                     )
                                     )
UNITED STATES,           )
                                     )
           Respondent &     )
           Counterclaim Petitioner,   )
-------------------------------------------------)
IRWIN L. CRAWFORD, II,     )
                                     )
           Counterclaim Respondent.  )

## DECLARATION OF JACKIE MOSS

I, Jackie Moss, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746(2), declares and states as follows:

     1.       I am a duly commissioned revenue agent employed by the Small Business/Self-Employed Division of the Internal Revenue Service ("IRS") in San Antonio, Texas. I have been employed by the IRS for over 22 years.

     2.       In my capacity as a revenue agent, I am conducting an investigation into the federal tax liabilities of Richard Vento ("Vento") for the 2002 through 2004 tax years, as described more fully below.

### BACKGROUND

     3.       Prior to the 2001 tax year, Vento filed his individual income tax returns in the United States.

2085169.1

4.    Vento alleges that he became a resident of the U.S. Virgin Islands for tax purposes during 2001.

5.    Vento alleges that he remained a resident of the U.S. Virgin Islands for tax purposes for tax years 2002 through 2004.

6.    Vento filed his 2001 through 2004 individual income tax returns with the Bureau of Internal Revenue for the U.S. Virgin Islands ("BIR"). He did not file individual income tax returns with the IRS for tax years 2001 through 2004.

7.    The IRS examined Vento's 2001 tax liabilities and issued a statutory notice of deficiency. Vento filed a petition challenging the statutory notice of deficiency in U.S. Tax Court.

## THE IRS INVESTIGATION

8.    The IRS is conducting an investigation into the federal income tax liabilities of Vento for the 2002 through 2004 tax years.

9.    Specifically, the IRS is conducting a civil tax investigation to determine whether Vento, who filed his 2002 through 2004 income tax returns with the BIR, rather than the IRS, was a "bona fide resident" of the U.S. Virgin Islands for tax years 2002, 2003, or 2004; whether Vento was obligated to report his income on a U.S. tax return; and whether Vento reported the proper amounts of income earned and the source of such income during the 2002 through 2004 tax years on his individual tax returns filed with the BIR.

2085169.1

10.    The legitimacy of Vento's alleged Virgin Island residency for tax purposes is relevant to the IRS audit, because if he was not a *bona fide* resident of the U.S. Virgin Islands for tax purposes during 2002, 2003, and/or 2004, he was required to file an income tax return with the IRS, and report all of his income on such U.S. return. In auditing Vento for the 2002 through 2004 tax years, the IRS questions whether he was a resident of the U.S. Virgin Islands for tax purposes for those years.

11.    For purposes of tax years 2002 and 2003, residency analysis is generally based upon a facts and circumstances approach, including a determination of a taxpayer's intentions with respect to the length and nature of his stay as measured at the end of the taxable year. Such a determination includes consideration of a variety of factors, such as where a taxpayer establishes his permanent home for an indefinite period of time, a taxpayer's social, economic, and cultural ties, a taxpayer's physical presence, a taxpayer's reasons, nature, and extent of any temporary absences, a taxpayer's assumption of economic burdens and payment of taxes, and a taxpayer's status as a resident contrasted to that of a transient sojourner.

12.    Because the residency determination, for tax years 2002 and 2003, involves a facts and circumstances approach, the IRS's investigation into the residency of Vento requires the IRS to not only look at actions taken during the 2002 and 2003 tax years, but also actions taken in years before and after 2002 and 2003.

13.    For purpose of the 2004 tax year, taxpayers have a choice of applying one of three tests. A taxpayer may apply (1) the analysis set forth in paragraph eleven

- 3 -

above, (2) a "tax home test" and "closer connection test," or (3) a three-prong "presence," "tax home," and "closer connection" test. *See* 26 C.F.R. §§ 1.937-1 & 1.937-1T.

      14.    Assuming Vento was a *bona fide* resident of the U.S. Virgin Islands for tax years 2002, 2003, and 2004, the IRS is still investigating whether he properly reported all income, including identification of the source of all income, for tax years 2002 through 2004 on the returns filed with the BIR.

THE SUMMONS

      15.    In furtherance of the IRS's investigation and in accordance with 26 U.S.C. § 7602, on or about November 1, 2006, I issued an administrative summons, Internal Revenue Service Form 2039, to Irwin L. Crawford II.

      16.    Upon information and belief, Crawford is an individual that handled Vento's account(s) at Solomon Smith Barney.

      17.    Crawford was directed to give testimony and to produce for examination on December 8, 2006, books, papers, records, or other data as described in the summons. A true and correct copy of the summons is attached to this declaration as exhibit 101.

      18.    In accordance with 26 U.S.C. § 7603, Carl Tenny, an agent with the Internal Revenue Service, served the summons on Crawford by hand delivering a copy to him on November 8, 2006. A true and correct copy of the attestation page is attached to this declaration as exhibit 102.

- 4 -

19.    Copies of the summons were also served by certified mail to the following individuals:

- Richard Vento in Incline Village, Nevada;

- Richard Vento in St. Thomas, Virgin Islands; and

- Marjorie Roberts in St. Thomas, Virgin Islands as Vento's power of attorney.

*See* Ex. 102.

20.    The summons seeks documents that are relevant to the IRS's investigation as to whether Vento is a *bona fide* resident of the U.S. Virgin Islands during the 2002, 2003, and/or 2004 tax years.

21.    The summons also seeks documents that are relevant to the IRS's investigation as to whether Vento properly reported all income, including identification of the source of the income, during tax years 2002 through 2004 on the returns filed with the BIR.

22.    To my knowledge, the books, records, papers, or other data sought by the summons for which the IRS seeks enforcement in this proceeding were not already in the possession of the IRS at the time the summons was issued and served, nor is such information currently in the possession of the IRS.

23.    All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed.

2085169.1

24.    It is necessary to obtain the testimony of Crawford and to examine the

books, records, papers or other data sought by the summons in order to properly

investigate the federal income tax liabilities of Vento for tax years 2002 through 2004.

25.    As of the date of this declaration, no "Justice Department referral" is in

effect with respect to Vento and his federal individual income tax liabilities for tax years

2002 through 2004.  More specifically, the IRS has not made a recommendation to the

Department of Justice for a grand jury investigation or criminal prosecution of Vento

for his federal income tax liabilities for the 2002, 2003, or 2004 tax years.  Also, the IRS is

not delaying a recommendation to the Department of Justice in order to collect

additional information.  Moreover, the Department of Justice has not made any request

under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as

those terms are defined in 26 U.S.C. § 6103(b)) relating to Vento.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4            , 2007 in San Antonio , TX          .

JACKIE MOSS
Revenue Agent
Specialty Programs, International Operations
Small Business/Self-Employed Division
Internal Revenue Service
U.S. Department of Treasury
San Antonio, TX

- 6 -

2085169.1



# Summons

In the matter of  Richard Vento

Internal Revenue Service (Division):  SB/SE

Industry/Area (name or number):  Specialty Programs, International Compliance

Periods:  January 1, 2002 to December 31, 2004

## The Commissioner of Internal Revenue

To:  Irwin L Crawford II

At:  1850 K Street NW, Suite 900, Washington, DC 20006

You are hereby summoned and required to appear before  Jackie Moss or her designated assignee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide copies of any and all documents, memos, agreements, emails and correspondence concerning Richard Vento and/or any account that Richard Vento has opened and/or has signature authority over for 2002, 2003, and 2004.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**
8700 Tesoro Drive, Suite 201, Stop 4309 SANC, ATTN: Jackie Moss, San Antonio, TX  78217  ph. 210-841-2134

Place and time for appearance at  500 N. Capitol St.

Washington, DC 20221

**IRS**

on the __8th__ day of __DECEMBER__ __2006__ at __10__ o'clock __A__. m.
                                          (year)

Issued under authority of the Internal Revenue Code this __1__ day of __NOVEMBER__, __2006__.
                                                                                          (year)

Department of the Treasury
Internal Revenue Service

_____(Signature)_____
Signature of issuing officer

Internal Revenue Agent
Title

**www.irs.gov**

_____(Signature)_____
Signature of approving officer *(if applicable)*

Team Manager
Title

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Original — to be kept by IRS

PENGAD 800 631 6989    EXHIBIT    (D)



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| 11/8/2006 | 2:45pm |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any). _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
   1850 K Street NW, Suite 900, Washington, DC 20006

| Signature | Title |
|-----------|-------|
| | INTERNAL REVENUE AGENT |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _11/8/2006_      Time: _3:15pm_

Name of Noticee: RICHARD VENTO / MARJORIE ROBERTS
650 RED HOOK PLAZA PMB 534 ST THOMAS VI 00802
P.O. BOX 8657 MICUNE VILLAGE VI 89452

Address of Noticee (if mailed): ONE HIBISCUS ALLEY ST THOMAS VI 00802

**How Notice Was Given**

☒ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|-----------|-------|
| | INTERNAL REVENUE AGENT |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|-----------|-------|
| | |

**EXHIBIT**

102

PENGAD 800-631-6989

Form 2039 (Rev. 12-2001)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RICHARD VENTO
P.O. BOX 8057
INCLINE VILLAGE, NV
89457

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
K. St. John    1-4-06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7006 0810 0003 6062 4597

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RICHARD VENTO
6501 RED HOOK PLAZA
PMB 534
ST. THOMAS, VI 00802

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

☐ Agent
☒ Addressee

B. Received by (Printed Name)    C. Date of Delivery
1/17/06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7002 2030 0002 3013 1101

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARJORIE RAWLS ROBERTS
ONE HIBISCUS ALLEY
ST. THOMAS, VI 00802

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Ethy Brazie

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Ethy BRAZIER

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7005 1820 0000 7550 9610

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RICHARD VENTO,                          )
                                        )
              Petitioner,               )
                                        )
       v.                               )    Misc. No. 06-525-HHK-AK
                                        )
                                        )
UNITED STATES,                          )
                                        )
              Respondent &              )
              Counterclaim Petitioner,  )
----------------------------------------------------------)
IRWIN L. CRAWFORD, II,                  )
                                        )
              Counterclaim Respondent.  )

**UNITED STATES' MEMORANDUM IN SUPPORT OF OPPOSITION TO
PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM
TO ENFORCE INTERNAL REVENUE SUMMONS**

This is an action in which petitioner seeks to quash an Internal Revenue

summons served upon Irwin L. Crawford, II, in the tax investigation of the federal tax

liabilities of Richard Vento for the 2002 through 2004 tax years.  The United States

counterclaims for an order enforcing the Internal Revenue summons issued to Irwin L.

Crawford, II.

QUESTION PRESENTED

1.     The Court shall enforce Internal Revenue Service administrative

summonses where it is shown: (1) that the summonses were issued for a proper

purpose; (2) that the information sought may be relevant to that purpose; (3) that the

information sought is not already in the Service's possession; and (4) that the required

2129002.1

administrative steps have been followed.  The United States has established these four

elements by the Declaration of Jackie Moss.  Should the Court enforce the summons

issued to Irwin L. Crawford, II?

STATUTES INVOLVED

26 U.S.C. §§ 7402, 7602, 7603, 7604, and 7609.

STATEMENT

1. <u>Introduction</u>.  Petitioner brought this proceeding to quash an administrative

summons of the Internal Revenue Service.  The United States asserts a counterclaim

seeking an order enforcing the summons served on Irwin L. Crawford, II.  The

summons seeks testimony and records pertaining to the income tax liabilities of the

Richard Vento for tax years 2002 through 2004.  This opposition and counterclaim are

supported by the declaration of the agent conducting an investigation of Vento.

2. <u>The background facts</u>.

    a. *Parties and other principal actors*.  As is apparent from the style of the

case, petitioner in this action is Richard Vento.  (<u>See</u> Petition generally.)  Jackie Moss is a

duly commissioned revenue agent employed by the Internal Revenue Service for more

than 22 years.  (Moss Decl. ¶ 1.)  Counterclaim respondent is the summoned party -

Irwin L. Crawford, II.

    b. *The investigation of Vento*.  In her capacity as a revenue agent, Jackie

Moss is conducting a civil investigation concerning the tax liabilities of Vento for the

2002, 2003, and 2004 tax years.  (Moss Decl. ¶¶ 2, 8, & 9.)

- 2 -

Prior to the 2001 tax year, Vento filed his individual income tax returns in the United States.  (Moss Decl. ¶ 3.)  Vento alleges that he became a resident of the U.S. Virgin Islands for tax purposes during 2001 and remained a resident of the U.S. Virgin Islands for tax purposes for tax years 2002 through 2004.  (Moss Decl. ¶¶ 4 & 5.)  Vento filed his 2001 through 2004 individual income tax returns with the Bureau of Internal Revenue for the U.S. Virgin Islands ("BIR").  (Moss Decl. ¶ 6.)  He did not file individual income tax returns with the IRS for tax years 2001 through 2004.[1]  (Moss Decl. ¶ 6.)

In its examination, the IRS is investigating whether Vento was a "bona fide residents" of the U.S. Virgin Islands for tax years 2002, 2003, or 2004; whether Vento was obligated to report his income on a U.S. tax return; and whether Vento reported the proper amounts of income earned and the source of such income during the 2002 through 2004 tax years on his individual tax returns filed with the BIR.  (Moss Decl. ¶ 9.)  The legitimacy of Vento's alleged Virgin Island residency for tax purposes is relevant to the IRS audit, because if he was not a *bona fide* resident of the U.S. Virgin Islands for tax purposes during 2002, 2003, and/or 2004, he was required to file an income tax return with the IRS, and report all of his income on such U.S. return.  (Moss

---

[1]The IRS examined Vento's 2001 tax liabilities and issued a statutory notice of deficiency.  (Moss Decl. ¶ 7.)  Vento filed a petition challenging the statutory notice of deficiency in U.S. Tax Court.  (Moss Decl. ¶ 7.)  During the IRS's examination of Vento's 2001 tax liabilities, the IRS issued summonses to Vento, his wife, his children, Ventos' controlled-entities, and third-parties.  The Ventos filed petitions to quash many of the summonses and did not comply with the summonses served on them in their individual capacity or as agents of their controlled-entities.

2129002.1

Decl. ¶ 10.)  For purposes of tax years 2002 and 2003, residency analysis is generally

based upon a facts and circumstances approach, including a determination of a

taxpayer's intentions with respect to the length and nature of his stay as measured at

the end of the taxable year.  (Moss Decl. ¶ 11.)  Such a determination includes

consideration of a variety of factors, such as where the taxpayer establishes his

permanent home for an indefinite period of time, a taxpayer's social, economic, and

cultural ties, a taxpayer's physical presence, a taxpayer's reasons, nature, and extent of

any temporary absences, a taxpayer's assumption of economic burdens and payment of

taxes, and a taxpayer's status as a resident contrasted to that of a transient sojourner.

(Moss Decl. ¶ 11.)  For purposes of the 2004 tax year, taxpayers have a choice of

applying one of three tests.  (Moss Decl. ¶ 13.)  Taxpayers may apply (1) the facts and

circumstances approach applied to tax years 2002 and 2003; (2) a "tax home test" and

"closer connection test'" or (3) a three-prong "presence," "tax home," and "closer

connection" test.  (Moss Decl. ¶ 13.)  Assuming Vento was a *bona fide* resident of the U.S.

Virgin Islands for tax years 2002 through 2004, if he failed to report the proper tax due

to the U.S. Virgin Islands, the IRS retains the power to assess Vento the federal tax

liabilities.  (*See c.f.* Moss Decl. ¶ 14; 26 U.S.C. § 932.)

       c. *The summons issued to and served upon Irwin L. Crawford, II.*  In

furtherance of the investigation of Vento and in accordance with 26 U.S.C. § 7602, on

November 1, 2006, Moss issued an administrative summons, Internal Revenue Service

Form 2039, to Irwin L. Crawford, II.  (Moss Decl. ¶ 15.)  The summons directed

Crawford to give testimony and to produce for examination on December 8, 2006, books, papers, records, or other data as described in the summons. (Moss Decl. ¶ 17.) A true and correct copy of the summons is attached to the declaration of Jackie Moss as exhibit 101. (Moss Decl. ¶ 17.) The summons seeks documents that are relevant to the IRS's investigation as to whether Vento was a bona fide resident of the U.S. Virgin Islands during 2002, 2003, and/or 2004 tax years. (Moss Decl. ¶ 20.) The summons also seeks documents relevant to the IRS's investigation as to whether Vento properly reported all income, including identification of the source of the income, during tax years 2002 through 2004 on the returns filed with the BIR. (Moss Decl. ¶ 21.)

In accordance with 26 U.S.C. § 7603, an IRS agent served the summons on Irwin L. Crawford, II, on November 8, 2006, by hand delivering the summons to Crawford. (Moss Decl. ¶ 18, Ex. 102.) In accordance with 26 U.S.C. §§ 7603 and 7609, an IRS agent also served a copy of the summons on Vento and his representative, on November 8, 2006, by mailing a copy, via certified mail, to them at addresses in St. Thomas, U.S. Virgin Islands and Incline Village, Nevada. (Moss Decl. ¶ 19, Ex. 102.)

d. *The summoned party's response to the summons.*  Vento filed the present petition to quash prior to the date set for compliance.

e. *The continuing need for the summoned testimony and documents.*  It is necessary to obtain the testimony of Irwin L. Crawford, II and to examine the books, records, papers or other data sought by the summons in order to properly investigate Vento's federal income tax liabilities for tax years 2002 through 2004. (Moss Decl. ¶ 24.)

2129002.1

## SUMMARY OF THE ARGUMENT

Petitioner asserts that the administrative summons should be quashed because (1) it was issued for an invalid purpose because Vento says he "has no additional tax liability which could be the subject of any investigation by the [IRS];" (2) the information sought by the summons is not relevant to the IRS's investigation into Vento's residency; (3) the summons "is so broad as to encompass information and documents having no relevance to the determination of the United States income tax liability;" and (4) the summons was not issued pursuant to a valid delegation order. (Petition to Quash ¶ 7.)

As also discussed below, petitioner's arguments have been rejected by many courts and are clearly without merit. More importantly, the United States has established a *prima facie* case for enforcement. In order to obtain enforcement of an Internal Revenue summons, the United States must show four elements. These are: (1) that the summons was issued for a proper purpose; (2) that the information sought may be relevant to that purpose; (3) that the information being sought is not already in the possession of the Internal Revenue Service; and (4) that the administrative steps required by law with respect to the issuance and service of a summons have been followed. In the case at hand, all four of these elements have been demonstrated by the Declaration of Jackie Moss.

2129002.1

ARGUMENT

### I.  THE UNITED STATES HAS ESTABLISHED A *PRIMA FACIE* CASE FOR ENFORCEMENT OF THE SUMMONS ISSUED TO IRWIN L. CRAWFORD, II.

The standards for enforcement of Internal Revenue Service administrative summonses are well established.  To demonstrate a *prima facie* case for enforcement, the United States only need show: (1) that the summons was issued for a proper purpose; (2) that the information sought may be relevant to that purpose; (3) that the information being sought is not already in the possession of the Internal Revenue Service; and (4) that the administrative steps required by law with respect to the issuance and service of the summons have been followed.[2]  See United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. Judicial Watch, Inc., 371 F.3d 824 (D.C. Cir. 2004).  After establishing the *prima facie* case, the Court should enforce the summons.  United States v. Stuart, 489 U.S. 353, 353-54 (1989).

Revenue agent Jackie Moss's declaration establishes all of the requisite elements for enforcement of the summons.  First, the Moss declaration establishes that the

---

[2]These requirements have been interpreted liberally in favor of the Internal Revenue Service.  PAA Management, Ltd. v. United States, 962 F.2d 212, 216 (2d Cir. 1992).  The Supreme Court "has emphasized that in general, the '[summons] authority should be upheld *absent express statutory prohibition* or substantial countervailing policies' and should not be circumscribed 'absent unambiguous directions from Congress[.]'" Id. at 216 (internal citations omitted). It has also been stated that "[i]f the broad latitude grated to the IRS by §7602 is to be circumscribed, that is a choice for Congress, and not this Court, to make." Id. (quoting United States v. Arthur Young & Co., 465 U.S. 805, 817 (1984).

2129002.1

summons was issued for a proper purpose, *i.e.*, an investigation into the federal tax liabilities of Vento for the 2002 through 2004 tax years. (Moss Decl. ¶ 8.)

Second, the information sought by the summons may be relevant to the Internal Revenue Service's investigation. (Moss Decl. ¶¶ 20, 21.)  More specifically, it is necessary to obtain the testimony and to examine the books, records, papers or other data sought by the summons in order to properly investigate the federal tax liabilities of Vento for the 2002 through 2004 tax years.  (Moss Decl. ¶ 24.)

Prior to the 2001 tax year, Vento filed individual income tax returns in the United States.  (Moss Decl. ¶ 3.)  Vento alleges that he became a resident of the U.S. Virgin Islands for tax purposes during 2001 and remained a resident of the U.S. Virgin Islands for tax purposes for tax years 2002 through 2004.  (Moss Decl. ¶¶ 4, 5.)  Vento filed his 2002 through 2004 income tax returns with the BIR; he did not file returns with the IRS for tax years 2002 through 2004. (Moss Decl. ¶ 6.)

One of the issues being investigated by the Internal Revenue Service during the examination is whether Vento was a resident of the Virgin Islands for tax purposes during the 2002, 2003, and/or 2004 tax years.  (Moss Decl. ¶¶ 9, 10.)  If he was not a *bona fide* resident of the U.S. Virgin Islands for tax purposes during 2002, 2003, and/or 2004, then he must file U.S. federal tax returns to report and pay tax liabilities to the United States.  (Moss Decl. ¶ 10.)  For purposes of tax years 2002 and 2003, residency analysis is generally based upon a facts and circumstances approach, including a determination of a taxpayer's intentions with respect to the length and nature of his stay as measured at

the end of the taxable year.  (Moss Decl. ¶ 11.)  See, e.g., Bergersen v. Comm'r, 109 F.3d
56 (1st Cir. 1997); Preece v. Comm'r, 95 T.C. 596 (1990).  Such a determination includes
consideration of a variety of factors, such as where the taxpayer establishes his
permanent home for an indefinite period of time, a taxpayer's social, economic, and
cultural ties, a taxpayer's physical presence, a taxpayer's reasons, nature, and extent of
any temporary absences, a taxpayer's assumption of economic burdens and payment of
taxes, and a taxpayer's status as a resident contrasted to that of a transient sojourner.
(Moss Decl. ¶ 11.)  See, e.g., Sochurek v. Comm'r, 300 F.2d 34, 38 (7th Cir. 1962).  For
purposes of tax year 2004, taxpayers have a choice of applying one of three tests.  (Moss
Decl. ¶ 13.)  Taxpayers may apply (1) the facts and circumstances analysis applied to tax
years 2002 and 2003; (2) a "tax home" and "closer connection;" or (3) a three-prong
"presence," "tax home, and "closer connection" test.  (Moss Decl. ¶ 13.)  The
information sought in the summons includes a request for documents that would aid in
the investigation of the residency issue.  (Moss Decl. ¶ 20.)  Since analysis of a
taxpayer's residency involves a facts and circumstances determination, it is clearly
important that the Service investigate any and all sources of information as to Vento's
status of residency for the 2002 through 2004 tax years.  It is equally clear that Irwin L.
Crawford, II may have information relevant to this analysis, such as correspondence
identifying addresses used by Vento.

Assuming Vento was a *bona fide* resident of the U.S. Virgin Islands for tax years
2002 through 2004, the IRS is also investigating whether he reported the proper

amounts of income earned and the sources of such income during the 2002 through

2004 tax years on his individual tax returns filed with the BIR.  (Moss Decl. ¶ 14.)  If he

failed to do so, the IRS retains the power to assess federal tax liabilities.  *See* 26 U.S.C.

§ 932.  The information sought in the summons includes a request for documents that

would aid in the investigation as to whether Vento properly reported all income,

including identification of the source of the income, during tax years 2002 through 2004.

(Moss Decl. ¶ 21.)

      As for the third requirement, that the Internal Revenue Service not already be in

possession of the summoned data, Moss states that the books, records, papers or other

data that were sought by the summons are not already in the possession of the Internal

Revenue Service.  (Moss Decl. ¶ 22.)  Moreover, because the petition to quash was filed

prior to the date set for Crawford to appear in response to the summons, the Internal

Revenue Service does not have in its possession the testimony or all documents

demanded by the summons.

      Finally, all of the administrative steps for the issuance and service of the

summons were followed.  (Moss Decl. ¶ 23.)  In accordance with 26 U.S.C. § 7603, an

IRS agent served the summons on Crawford by hand delivering a copy to him on

November 8, 2006.  (Moss Decl. ¶ 18, Ex. 102.)  Additionally, in accordance with 26

U.S.C. §§ 7603 and 7609, an IRS agent served a copy of the summons on Vento and his

representative, on November 8, 2006, by mailing copies, via certified mail, to them at

addresses in St. Thomas, U.S. Virgin Islands and Incline Village, Nevada.  (Moss Decl. ¶ 19, Ex. 102.)

Thus, the United States has established a *prima facie* case for enforcement of the summons issued to and served upon Irwin L. Crawford, II.

## II.  PETITIONER'S ARGUMENTS IN SUPPORT OF HIS CONTENTION THAT THE SUMMONS SHOULD BE QUASHED ARE WITHOUT MERIT.

Petitioner asserts that the administrative summons should be quashed because (1) it was issued for an invalid purpose because Vento says he "has no additional tax liability which could be the subject of any investigation by the [IRS];" (2) the information sought by the summons is not relevant to the IRS's investigation into Vento's residency; (3) the summons "is so broad as to encompass information and documents having no relevance to the determination of the United States income tax liability;" and (4) the summons was not issued pursuant to a valid delegation order. (Petition to Quash ¶ 7.)   These arguments are without merit.[3]

---

[3]The petition to quash should also be dismissed because petitioner failed to effect proper service on the United States.  Fed. R. Civ. P. 4(i) provides that service upon the United States shall be effected by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and by sending a copy of the summons and complaint to the Attorney General of the United States at Washington, DC.  According to the certificate of service, petitioner did not serve the United States Attorney for the District of Columbia.  Petitioner also failed to obtain and serve a summons.  See Kish v. United States, 1996 WL 196730, *1 (W.D. Mich. 1996); Fed. R. Civ. P. 4(b) and (c) (summons shall be issued for each defendant to be served and must be served together with a copy of the complaint).

2129002.1

A.    The IRS May Investigate the Validity of Petitioner's Claims of U.S. Virgin Islands Residency.

Petitioner alleges that the summons was issued for an improper purpose in that Vento asserts that, as a *bona fide* resident of the U.S. Virgin Islands, he properly reported and paid taxes to the U.S. Virgin Islands, thus the IRS cannot investigate his federal tax liabilities. This argument is contrary to law and has been rejected.

Petitioner's circular argument merely begs the question whether petitioner was a *bona fide* resident of the U.S. Virgin Islands for tax purposes for tax years 2002 through 2004. Clearly, the Service is entitled to investigate petitioner's claim that he was a *bona fide* resident of the Virgin Islands and no longer required to file tax returns with the IRS. Indeed, the Secretary of the Treasury and the Commissioner of Internal Revenue are charged with the responsibility of administering and enforcing the Internal Revenue Code. The IRS's statutory duty and powers of investigation are stated in very broad terms in Section 7601 of the Internal Revenue Code.[4] The authority bestowed upon the IRS by Congress to enforce the internal revenue laws and related statutes is an extraordinarily broad mandate to inquire as to all persons who may be liable to pay any internal revenue tax. See United States v. LaSalle Nat'l Bank, 437 U.S. 298, 308 (1978); Donaldson v. United States, 400 U.S. 517, 523 (1971) (imposing upon the Secretary the

_____

[4]Section 7601 of the Internal Revenue Code (26 U.S.C.) provides:
"The Secretary shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax. . . ."

duty to "canvass and to inquire").  The great breadth of Section 7601's mandate is

facilitated by the substantial arsenal available to the IRS to ensure the enforcement of

the internal revenue laws.  Indeed, in order to determine the correctness of any return

or to determine the liability of any person for any internal revenue tax or to collect a tax

liability, the IRS may examine any books, papers or records or other data which may be

relevant or material to such inquiry, may issue summonses to any person in order to

obtain any books, papers, records, or other data that may be relevant or material to the

inquiry, and may take such testimony, under oath, as may be relevant or material to the

inquiry.  26 U.S.C. § 7602(a).  Courts have consistently held that Section 7602 provides

the Service with expansive information-gathering authority to encourage effective tax

investigations.  See United States v. Arthur Young & Co., 465 U.S. 805 (1984).  The IRS's

summons' powers are properly exercised in the U.S. Virgin Islands in the same manner

and to the same extent as if the Virgin Islands were a State of the United States.  26

U.S.C. § 7651(1); see also In re Various Orders to Show Cause, 1988 WL 62872, *1 (D.V.I.

1988) (upheld Internal Revenue Service's authority to investigate allegedly resident-

alien corporations of the Virgin Islands).

    Assuming *arguendo* that Vento was a *bona fide* resident of the U.S. Virgin Islands

for tax years 2002 through 2004, the IRS may still assert a liability against him if he

failed to properly report and pay his correct tax liability to the BIR.  See 26 U.S.C. §

2129002.1

932(c)(4).[5]  Thus, an individual who is a "bona fide resident" of the Virgin Islands must

both "report income from all sources" and "fully pay[] his tax liability" to the Virgin

Islands in order to be entitled to avoid filing a U.S. tax return. The legislative history is

instructive in this regard:

> The bill adds to the bona fide resident requirement and the reporting
> requirement a third requirement for the exclusion of items reported on a V.I.
> return. That further requirement is that the individual seeking the exclusion fully
> pay his or her tax liability (referred to in sec. 934(a)) to the Virgin Islands with
> respect to income from all sources. . . . The bill also makes it clear that such an
> individual is to file "an" income tax return with the Virgin Islands, rather than
> filing "his" return with the Virgin Islands, to make it clear that individuals who
> do not comply with all requirements for U.S. tax exemption will have to file a
> U.S. return.

S. Rep. 100-445, 100th Cong., 2nd Sess. 1988, 1998 U.S.C.C.A.N. 4515, 4826-27 (Aug. 3,

1988).  The IRS is also investigating whether, assuming Vento was a resident of the U.S.

Virgin Islands for the 2002 through 2004 tax years, he reported and paid the proper tax

due to the U.S. Virgin Islands.  (Moss Decl. ¶¶ 9, 14.)  Thus, the summons was clearly

issued for a proper purpose - to investigate whether Vento was a bona fide resident of

---

[5]In the case of an individual –

(A) who is a bona fide resident of the Virgin Islands during the entire taxable
year, who

(B) on his return reports income from all sources and identifies the source of each
item shown on such return, and (C) who fully pays his tax liability . . . to the
Virgin Islands with respect to such income,

for purposes of calculating income tax liability to the United States, gross income
shall not include any amount included in gross income on such return, and
allocable deductions and credits shall not be taken into account.

2129002.1

the U.S. Virgin Islands for tax years 2002 through 2004 and whether Vento properly

reported and paid his federal tax liabilities to the BIR.

Petitioner presented the same argument in other summons enforcement actions

and it was rejected.  Indicative of the courts' views is this excerpt from a ruling in the

Southern District of New York:

> Similarly meritless is petitioners' argument that, because they claim to be
> residents of the Virgin Islands, the IRS is without power to investigate
> them. Petitioners primarily rely on § 932 of the Internal Revenue Code,
> which provides that a *bona fide* Virgin Islands resident owes no tax liability
> to the United States if the resident fully reports all income and pays all
> taxes to the Virgin Islands. Nothing on the face of that section deprives the
> IRS of authority to investigate the tax liabilities of even *bona fide* Virgin
> Islands residents. *See* 48 U.S.C. §1397 ("The income tax-laws in force in the
> United States of America and those which may hereafter be enacted shall
> be held to be likewise in force in the Virgin Islands of the United
> States····").  More importantly for present purposes, one of the very issues
> the IRS is here investigating is whether petitioners are in fact *bona fide*
> residents of the Virgin Islands or whether this is just a ruse to evade their
> tax obligations. Petitioners' argument is therefore nothing but a bootstrap.
> *See Virgin Islands v. O'Brien,* 21 V.I. 549, 559 n. 3 (Terr.Ct.V.I.1985) ("It is
> quite possible for the I.R.S. to investigate a local resident if it believes that
> person has not satisfied his U.S. tax obligations by filing locally.").

Mollison v. United States, 2006 WL 662066 (S.D.N.Y. 2006).  See also, Vento v. United

States, 2006 WL 2787079 (D. Nev. 2006, report and recommendation).  The IRS issued

the summons for a proper purpose and petitioner has failed to present any evidence to

the contrary.

      B.     The IRS Seeks Information That Is Relevant or May be Relevant to the
             IRS's Investigation.

Petitioner alleges that the information sought by the summons is not relevant to

the IRS's investigation.  Petitioner states in a conclusory fashion that the information

sought has no relevance whatsoever to the determination of residency.  (Petition to

Quash ¶7.b.)  Petitioner then claims that the summons "is so broad as to encompass

information and documents having no relevance[.]" (Petition to Quash ¶ 7.c.)  Petitioner

misstates the standard.  The standard is not that the information must be relevant;

rather, the IRS may seek any information that *may be relevant or material* to its

investigation.  *See* 26 U.S.C. § 7602.  The IRS is investigating whether Vento was a *bona*

*fide* resident of the U.S. Virgin Islands for tax years 2002 through 2004 <u>and</u> whether

Vento properly reported all income, including the source of such income, on the returns

filed with the BIR.  Petitioner's only example of overbreadth is an assertion that the

request seeks information not related to Vento's accounts with Solomon Smith Barney.

(Petetition ¶ 7.c.)  This conclusory assertion is insufficient to defeat the United States'

*prima facie* case for enforcement.  It is unclear if Vento is alleging a relationship with

Crawford beyond the alleged Solomon Smith Barney account advisor.  Regardless, the

summons need not be limited to information related only to Vento's accounts with

Solomon Smith Barney.  As previously mentioned, the IRS has "'broad and expansive'

authority to ... summon documents ... provided the documents 'may be relevant or

material' to the inquiry of the IRS."  <u>United States v. Judicial Watch, Inc.</u>, 371 F.3d at

831-32 (internal citations omitted).  The IRS need show only "that inspection of the

desired records 'might throw light' upon the correctness of the taxpayer's return and

liabilities."  <u>Id.</u> at 832 (citations omitted).  The information sought by the summons

clearly meets this threshold.  Crawford may have correspondence or other documents

2129002.1

which may shed light on Vento's income or sources of income for 2002, 2003, or 2004. Such documents may also lead to the discovery of evidence of Vento's connections and activities in the United States or other locations outside of the U.S. Virgin Islands which will help determine whether he was a *bona fide* resident of the U.S. Virgin Islands during tax years 2002, 2003, and/or 2004.

C.      The IRS Has the Authority To Issue The Summons.

The Supreme Court and the courts of appeal have recognized that the Secretary's authority to issue summonses has been delegated to the IRS and its employees.  See, e.g., United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) ("[ a]s a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS"); United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 759 (7th Cir. 1999) ("[t]he IRS is authorized to issue summonses" pursuant to I.R.C. § 7602); Holifield v. United States, 909 F.2d 201, 205 (7th Cir. 1990) ("The information-gathering authority granted to the IRS under § 7602 is quite broad.").  Moreover, as stated above, the IRS's summons' powers are properly exercised in the U.S. Virgin Islands in the same manner and to the same extent as if the Virgin Islands were a State of the United States.  26 U.S.C. § 7651(1).

CONCLUSION

It is the position of the United States that the Court should deny Vento's petition to quash and issue an order enforcing the summons served on Irwin L. Crawford, II. Specifically, the United States requests that the Court issue an order requiring Irwin L.

2129002.1

Crawford, II to appear at a date and time to be set by Jackie Moss or another designated

Internal Revenue Service agent in order to comply with the summons in all respects.

DATED: January 18, 2007.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
STUART D. GIBSON
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6555/307-6586
Facsimile: (202) 514-6866
Email: Jennifer.L.Vozne@usdoj.gov
     Stuart.D.Gibson@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2129002.1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD VENTO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Misc. No. 06-525-HHK-AK |
| | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent & | ) |
| Counterclaim Petitioner, | ) |
| ------------------------------------------------------------ | ) |
| IRWIN L. CRAWFORD, II, | ) |
| | ) |
| Counterclaim Respondent. | ) |

### ORDER ON PETITION TO QUASH IRS THIRD-PARTY SUMMONS
### AND COUNTERCLAIM FOR PETITION TO ENFORCE
### INTERNAL REVENUE SUMMONS

Upon consideration of the summons issued by the United States Internal

Revenue Service to Irwin L. Crawford, II, and the Court having found (1) that the

summons was issued for a legitimate purpose, (2) that the summoned testimony and

records may be relevant to that purpose, (3) that the information sought is not already

in the possession of the Internal Revenue Service, and (4) that the administrative steps

required by the Internal Revenue Code have been followed, and upon consideration of

the arguments presented by the petitioners in their petition to quash and the entire

record of this case, it is therefore

ORDERED that the petition to quash be denied;

ORDERED, ADJUDGED, and DECREED that Irwin L. Crawford, II appear before Revenue Agent Jackie Moss or her designated representative, at the time and place to be designated by Revenue Agent Moss or her representative (or any time and place to which they are able to agree), then and there to testify, to produce for examination and copying the books, papers, records, and other data demanded by the summons served upon Irwin L. Crawford, on or about November 8, 2006, in the investigation of the federal tax liabilities of Richard Vento for tax years 2002 through 2004, the examination to continue from day to day until completed.

It is further ORDERED, ADJUDGED, and DECREED that the expenses and fees of the United States be assessed against Richard Vento.

DONE this _____ day of _____, 2007, at Washington, DC.


_____
UNITED STATES DISTRICT JUDGE

Copies to:

Michael C. Durney
Law Offices of Michael C. Durney
1072 Thomas Jefferson Street, NW
Washington, DC 20007

Jennifer L. Vozne
Trial Attorney, Tax Division
Stuart D. Gibson
Senior Litigation Counsel, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

2129001.1

Irwin L. Crawford, II
1850 K Street, NW
Suite 900
Washington, DC 20006

2129001.1

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF THE COLUMBIA**

| | | |
|---|---|---|
| RICHARD VENTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Misc. No. 06-525-HHK-AK |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent & | ) | |
| Counterclaim Petitioner, | ) | |
| ---------------------------------------------------------- | ) | |
| IRWIN L. CRAWFORD, II, | ) | |
| | ) | |
| Counterclaim Respondent. | ) | |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing UNITED STATES' RESPONSE TO PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM FOR PETITION TO ENFORCE INTERNAL REVENUE SUMMONS, UNITED STATES' MEMORANDUM IN SUPPORT OF OPPOSITION TO PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM TO ENFORCE INTERNAL REVENUE SUMMONS, DECLARATION OF JACKIE MOSS, and proposed ORDER has been made this 18th day of January, 2007, by mailing a copy via United States mail, postage prepaid, to:

Michael C. Durney
Law Offices of Michael C. Durney
1072 Thomas Jefferson Street, NW
Washington, DC 20007

IT IS FURTHER CERTIFIED that service of the foregoing UNITED STATES' RESPONSE TO PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM FOR PETITION TO ENFORCE INTERNAL REVENUE SUMMONS, UNITED STATES' MEMORANDUM IN SUPPORT OF OPPOSITION TO PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM TO ENFORCE INTERNAL REVENUE SUMMONS, DECLARATION OF JACKIE MOSS, and proposed

2129003.1

ORDER has been made this 18th day of January, 2007, by mailing a copy via United States certified mail (return receipt requested) to:

    Irwin L. Crawford, II
    1850 K Street, NW
    Suite 900
    Washington, DC 20006

                    /s/ Jennifer L. Vozne
                    JENNIFER L. VOZNE

2129003.1