IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD VENTO, | ) |
|       Petitioner, | ) |
| v. | )  Misc. No. 06-525-HHK-AK |
| UNITED STATES, | ) |
|       Respondent & Counterclaim Petitioner, | ) |
| IRWIN L. CRAWFORD, II, | ) |
|       Counterclaim Respondent. | ) |

### UNITED STATES' REPLY TO PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO QUASH IRS THIRD-PARTY SUMMONS

Petitioner seeks to quash an Internal Revenue summons served on Irwin Crawford, II. The United States opposed the petition and counterclaimed to enforce the summons. Petitioner then filed a document styled as a memorandum in support of his petition to quash.[1] The United States submits this reply to petitioner's memorandum.

Petitioner has simply reiterated three arguments from his petition to quash. Yet as he knows well, every court to consider his arguments has soundly rejected them. *See Mollison v. United States*, 2006 WL 662066 (S.D.N.Y. 2006), *aff'd* — F.3d —, 2007 WL 779069 (2d Cir. March 16, 2007); *Vento v. United States*, No. 3:06-mc-259 (GAG) (D.P.R.

---

[1] It is not altogether clear that petitioner's memorandum is permissible under local rules. *See* LCvR 7.

2006); *Vento v. United States*, Civ. No. 2005-167 (D.V.I. 2007, report and recommendation); *Vento v. United States*, Civ. No. 2005-178 (D.V.I. 2007, report and recommendation); *Vento v. United States*, 2006 WL 2787079 (D. Nev. 2006, report and recommendation); *see also Elmes v. United States*, 2007 U.S. Dist. LEXIS 16136 (S.D. Fla. 2007).[2]

In particular, petitioner asserts that because he claims to be a *bona fide* resident of the U.S. Virgin Islands, the IRS may not investigate his tax liabilities. (Petitioner's Mem. at 13-15.) The Second Circuit summarized this argument as follows: "At bottom, petitioners claim that they reside outside the IRS's jurisdiction, and fall exclusively within the jurisdiction of the Virgin Islands Bureau of Internal Revenue." *Mollison v. United States*, 2007 WL 779069, * 3 (2d Cir. 2007). The Second Circuit then rejected this argument. *Id.*; *see also* Vento *v. United States*, Civ. No. 2005-167 (D.V.I. 2007, report and recommendation); *Vento v. United States*, Civ. No. 2005-178 (D.V.I. 2007, report and recommendation); *Vento v. United States*, 2006 WL 2787079 (D. Nev. 2006, report and recommendation). Indeed as the Second Circuit noted, "an administrative summons is an important tool in the preliminary information-gathering process designed to determine *whether* a violation exists, not to actually prosecute the violation." *Mollison v. United States*, 2007 WL 779069, *12. "Thus, the 'legitimate purpose' test comprehends a question much narrower than the merits of any subsequent enforcement action, namely,

---

[2]Copies of *Vento v. United States*, No. 3:06-mc-259 (GAG) (D.P.R. 2006), *Vento v. United States*, Civ. No. 2005-167 (D.V.I. 2007, report and recommendation), and *Vento v. United States*, Civ. No. 2005-178 (D.V.I. 2007, report and recommendation) are attached.

whether the IRS is pursuing its investigation in good faith." *Id.* at * 13. As Revenue Agent Jackie Moss has testified – without contradiction – the IRS has a legitimate purpose in issuing the summons – it is investigating the federal tax liabilities of Vento for tax years 2002 through 2004. (Moss Decl. ¶¶ 8 & 9.)

Next, petitioner argues that financial information is irrelevant to the IRS's investigation. (Petitioner's Mem. at 16-17.) As noted in the United States' memorandum, contrary to petitioner's allegation, the summons does seek information potentially relevant to the IRS's investigation. *C.f. Mollison v. United States*, 2007 WL 779069, * 14 ("Although the materials' relevance to the question of residency is less apparent, we cannot rule out the possibility."). Here, as the revenue agent investigating petitioner's liabilities testified, the summons seeks documents that are relevant to the IRS's investigation as to whether petitioner is a *bona fide* resident of the U.S. Virgin Islands during the 2002, 2003, and/or 2004 tax years <u>and</u> whether petitioner properly reported all income, including identification of the source of the income, during tax years 2002 through 2004 on the returns filed with the BIR. (Moss Decl. ¶¶ 20 & 21.)

Finally, petitioner asserts that the IRS failed to comply with administrative steps set forth in the Tax Implementation Agreement and failed to issue the summons pursuant to a valid delegation order. (Petitioner's Mem. at 18-22.) The Second Circuit rejected this argument as well. *See Mollison v. United States,* 2007 WL 779069, *15-16 ("Even assuming that *Powell* requires compliance with the TIA, and assuming further that petitioners have standing to demand such compliance, they have failed to identify

any TIA provision that applies in the case of a third-party summons issued by the IRS in the United States. ... [A] delegation order in effect at the time of the summons' issuance expressly permits an agent ... to issue a third-party summons where the agent's manager also signs the summons ... ."). Indeed, the Tax Implementation Agreement expressly preserves the Internal Revenue Service's summonses powers. *See* Tax Implementation Agreement, Article 4 ¶4 ("... Notwithstanding the foregoing, the United States may exercise its rights under section 7602 et seq. of the Code to obtain information in the Virgin Islands without resorting to the procedures set forth in this Agreement.").[3]

For the reasons asserted in the United States' opposition to the petition to quash and counterclaim to enforce, as well as for the reasons stated above, the Court should summarily deny Vento's petition to quash and issue an order enforcing the summons served on Irwin L. Crawford, II.

//
//
//

---

[3]Not only has the petitioner failed to establish that the United States did not comply with the agreement, petitioner would not have standing to challenge whether the United States complied with the treaty in any event, as the agreement does not create individual rights. *C.f.*, *United States v. Mann*, 829 F.2d 849, 852-853 (9th Cir. 1987) (only foreign sovereign has right to protest if treaty does not evidence intent to establish direct, affirmative, and judicially enforceable rights to an individual); *Harvey v. United States*, 730 F.Supp. 1097, 1106 (S.D. Fla. 1990) (United States citizens do not have standing to challenge purported violations of treaty unless agreement creates rights for United States citizens).

DATED: March 20, 2007.

                            Respectfully submitted,

                            /s/ Jennifer L. Vozne
                            JENNIFER L. VOZNE
                            Trial Attorney, Tax Division
                            STUART D. GIBSON
                            Senior Litigation Counsel, Tax Division
                            U.S. Department of Justice
                            Post Office Box 227
                            Ben Franklin Station
                            Washington, DC 20044
                            Telephone: (202) 307-6555/307-6586
                            Facsimile: (202) 514-6866
                            Email: Jennifer.L.Vozne@usdoj.gov
                                    Stuart.D.Gibson@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**CERTIFICATE OF SERVICE**

    IT IS CERTIFIED that service of the foregoing UNITED STATES' REPLY TO PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO QUASH IRS THIRD-PARTY SUMMONS has been made this 20th day of March, 2007, by mailing a copy via United States mail, postage prepaid, to:

Michael C. Durney
Law Offices of Michael C. Durney
1072 Thomas Jefferson Street, NW
Washington, DC 20007

Irwin L. Crawford, II
1850 K Street, NW
Suite 900
Washington, DC 20006

                                           /s/ Jennifer L. Vozne
                                           JENNIFER L. VOZNE

IN THE DISTRICT COURT OF THE UNITED STATES VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

RICHARD G. VENTO, et al., )
)
        Petitioners, )
)
vs. ) CIV. 2005-167 and 2005-178
)
UNITED STATES OF AMERICA, )
)
       Respondents. )
)

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the plaintiff's Petition to Quash IRS Third-Party Summons and the defendant's response and Counterclaim for Petition to Enforce Internal Revenue Summons. The parties also presented briefs addressing the appropriateness of discovery in the above-captioned petitions.

The respondents issued a third-party Internal Revenue summons upon Red Hook Mail Services Inc. on October 6, 2005, and on the president of Commercial Security Services Ltd., Inc. on October 12, 2005, pursuant to a tax investigation of the federal tax liabilities of the petitioners for the 2001 tax year. Respondents rely on 26 U.S.C. §§7402(b), 7604(a), and 7609(b) as their foundation and authorization to pursue the investigation. The petitioners then filed a petition to quash said summonses, pursuant to Section 7609 of the Internal Revenue Code, asserting that 26 U.S.C. §932(c) precludes the Internal Revenue Service (IRS) from investigating Virgin Islands residents.

26 U.S.C. §932(c) addresses Virgin Islands residents and the

effects of the tax laws on said residents. That statute summarily states that a bona fide resident of the Virgin Islands must report all income from all sources and make said filing and payment into the Virgin Islands Treasury.

The petitioners participated in certain real estate transactions that caused the IRS to launch an investigation[1] to confirm whether or not their taxable income was reported accurately in regard to amount and state. Notwithstanding those transactions and the IRS claims, the petitioners affirm that they are bonafide Virgin Islands residents. It appears to this Court, that the only means of investigating the issue is through the use of the sought after summons, so as to ascertain whether or not the petitioners are in fact bona fide residents of the Virgin Islands. Contrary to the petitioners' position that 26 U.S.C. §932(c) prohibits an investigation, that particular statute, alongside 26 U.S.C. §7602, is the only vehicle that can be used to ascertain whether or not the petitioners fulfilled their obligations. Further, in *Government of the Virgin Islands v. O'Brien, et al.*, 21 V.I. 549 (1985), the Court emphasized the powers of the IRS in relation to investigating local residents who they believe has not satisfied his or her U.S. tax obligations by filing locally. See also *WIT Equipment Company, Inc. v. Director, Virgin Islands Bureau of Internal Revenue*, 185

---

[1] See United States' Response to Petition to Quash IRS Third-Party Summons and Counterclaim for Petition to Enforce Internal Revenue Summons.

F. Supp. 2d. 500 (D.V.I. 2001).

Accordingly, the petitioners' Motion to Quash IRS Third-Party Summons is **DENIED**. The parties are expected to fully comply with the summons within twenty (20) days of this order.

DATED: March 7, 2007

_____
Geoffrey W. Barnard
United States Magistrate Judge

ATTEST:
WILFREDO F. MORALES
CLERK OF COURT

By: _____
     Deputy Clerk

pc: USMJ Barnard
    M. Howard, Esquire
    Marjorie Rawls Roberts, Esquire
    Erika Kellerhals, Esquire
    Jennifer L. Vozne, Esquire
    Joseph M. Erwin, Esquire
    Joycelyn Hewlett, AUSA

3/9/07

CLERK OF THE
DISTRICT COURT
ST. THOMAS, V.I.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RICHARD VENTO, LANA VENTO, )
GAIL VENTO, RENEE VENTO, )
AND NICOLE VENTO MOLLISON, )
                                     )
     Petitioners,                 )
                                     )
v.                               )   Misc. No. 06-259 (GAG)

UNITED STATES,

     Respondent &
     Counterclaim Petitioner,

FIRSTBANK PUERTO RICO,

     Counterclaim Respondent.

### ORDER ON PETITION TO QUASH IRS THIRD-PARTY SUMMONS AND COUNTERCLAIM FOR PETITION TO ENFORCE INTERNAL REVENUE SUMMONS

Upon consideration of the summons issued by the United States Internal Revenue Service to FirstBank Puerto Rico and the Court having found (1) that the summons was issued for a legitimate purpose, (2) that the summoned testimony and records may be relevant to that purpose, (3) that the information sought is not already in the possession of the Internal Revenue Service, and (4) that the administrative steps required by the Internal Revenue Code have been followed, and upon consideration of the arguments presented by the petitioners in their petition to quash and the entire record of this case, it is therefore

ORDERED that the petition to quash be denied;

ORDERED, ADJUDGED, and DECREED that a representative of FirstBank Puerto Rico, with the appropriate knowledge, appear before Revenue Agent Jackie Moss or her designated representative, at the time and place to be designated by Revenue Agent Moss or her representative (or any time and place to which they are able to agree), then and there to testify, to produce for examination and copying the books, papers, records, and other data demanded by the summons served upon FirstBank Puerto Rico on or about November 14, 2006, in the investigation of the federal tax liability of Richard Vento, Lana Vento, Gail Vento, Renee Vento, and Nicole Vento Mollison for tax years 2002, 2003, and 2004, the examination to continue from day to day until completed.

It is further ORDERED, ADJUDGED, and DECREED that the expenses and fees of the United States be assessed against Richard Vento, Lana Vento, Gail Vento, Renee Vento, and Nicole Vento Mollison.

DONE this 11th day of January, 2007, at San Juan, Puerto Rico.

_____
UNITED STATES DISTRICT JUDGE